IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**CHARLES RAY SMITH**                                                                 **PLAINTIFF**

V.                    Civil No. 5:17-cv-05258

**SCOTT MCELVEEN,**
**Public Defender**                                                                   **DEFENDANT**

## OPINION AND ORDER

This is a civil rights case filed by the Plaintiff, Charles Ray Smith, under the provisions of 42 U.S.C. § 1983. Smith proceeds *pro se* and has filed a Motion (ECF No. 2) to Proceed *In Forma Pauperis* (IFP). He is incarcerated in the Cummins Unit of the Arkansas Department of Correction (ADC).

The Prison Litigation Reform Act (PLRA) modified the IFP statute, 28 U.S.C. § 1915, to require the Court to screen complaints for dismissal under § 1915(e)(2)(B). The Court must dismiss a complaint, or any portion of it, if it contains claims that: (a) are frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or, (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

### I. BACKGROUND

According to the allegations of the Complaint, on April 24, 2017 Smith signed a plea agreement on state criminal charges based on the representation by his public defender, Scott McElveen, that his state sentence would run concurrently with his federal sentence. (ECF No. 1, p. 3). Smith alleges McElveen advised him that he would not have to serve any time in the ADC, but Smith indicates he is currently serving a 20-year sentence in the ADC. (ECF No. 1, p. 4).

-1-

Smith contends his "confession" was coerced and his privilege against self-incrimination was violated. (ECF No. 1, pp. 4-5). He also contends he was denied the right of appeal. Specifically, Smith states he wrote to McElveen asking him about filing a petition under Rule 37 of the Arkansas Rules of Criminal Procedure. Initially, McElveen did not even respond to the letter; however, after Smith asked the attorney who was representing him on the federal charges to intervene, McElveen did respond but again assured Smith he had nothing to worry about because the state sentence would run concurrently with the federal sentence. (ECF No. 1, p. 6). Smith contends McElveen was incompetent. (ECF No. 1, p. 7).

As relief, Smith seeks monetary compensation in the amount of $1,000,000.00 and his ADC sentence reduced to time served. (*Id.*).

## II. DISCUSSION

As noted above, under the PLRA, the Court is obligated to screen a case prior to service of process being issued. A claim is frivolous when it "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court bears in mind, however, that when "evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded, . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

This case is subject to dismissal. Section 1983 provides a federal cause of action

for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the defendant acted under color of state law and that he violated a right secured by the Constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir.1999).

In *Polk County v. Dodson*, 454 U.S. 312, 325 (1981), the Supreme Court held that a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to indigent defendants in state criminal proceedings. Thus, when the claim is merely that the public defender failed to adequately represent the client in his criminal proceedings, it does not state a cognizable claim under § 1983. *See also Gilbert v. Corcoran*, 530 F.2d 820 (8th Cir. 1976) (conclusory allegations of ineffective assistance of counsel do not state a claim against public defenders under § 1983).

### III. CONCLUSION

The Complaint fails to state a cognizable claim under § 1983 and is frivolous. Therefore, it is **DISMISSED WITH PREJUDICE**. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(ii) (IFP action may be dismissed at any time due to frivolousness or for failure to state a claim).

**IT IS SO ORDERED** this 14th day of December 2017.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE